UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTY LYN WINSTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:13-CV-01662-CL |
| ) | |
| v. ) | **FINDINGS AND RECOMMENDATION** |
| ) | |
| CAROLYN L. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Kathryn Tassinari and Robert Baron, Harder, Wells, Baron & Manning, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Jordan D. Goddard, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**MARK D. CLARKE, Magistrate Judge**.

Plaintiff Christy Winston ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is not supported by substantial evidence, the decision should be **REVERSED and REMANDED** for payment of benefits.

## BACKGROUND

Plaintiff filed an application for SSI on December 30, 2005. Tr. 27. Following an administrative hearing, the Commissioner issued a decision finding plaintiff not disabled on April 18, 2008. The Appeals Council denied plaintiff's subsequent request for review on October 7, 2008, and the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 416.1481, 422.210 (2014). Plaintiff timely sought judicial review, and on April 28, 2010, the District Court issued an order reversing the Agency's decision and remanding the case for payment of benefits. *Winston v. Comm'r*, Case No. 3:08-cv-06395 (D. Or. April 28, 2010). On May 27, 2010, the Commissioner issued a Notice of Award. Tr. 27. The Notice stated that plaintiff owns real estate valued at $85,000 and is therefore ineligible to receive benefits because her resources exceed the Agency's resource limit of $2,000. Tr. 29, 37; *see* 20 C.F.R. § 416.1205.

Plaintiff requested a hearing, alleging in her request that the sale of her real property "would cause undue hardship." Tr. 54. On June 21, 2011, plaintiff testified before Administrative Law Judge ("ALJ") Michael Gilbert. Tr. 163-84. She testified that although she has an interest in real property, she is unable to access the property as a financial resource because her former husband, who owns a one-half interest in the property, will not consent to a sale. *Id.* Plaintiff became divorced from her former husband Kenneth Winston on November 20, 2008. Tr. 86. During the marriage, plaintiff and her husband owned real property at 111 Silverado Court in Roseburg, Oregon. Tr. 91. Plaintiff's divorce decree states that the parties have a real interest in real property and that plaintiff "shall receive 50% of sale of property." *Id.* The decree also states that both plaintiff and Kenneth Winston "shall be responsible for the preparation, signing and recording of the deed, [and] transferring the real property." *Id.* Plaintiff

testified that her former husband had once offered to purchase her interest in the property for $5,000. Tr. 181.

Following the hearing, ALJ Gilbert issued a written decision on September 23, 2011, that contains the following findings. First, plaintiff has a real property interest in the property located at 111 Silverado Court in Roseburg, Oregon. Tr. 11. Second, plaintiff has the right, authority, or power to liquidate her share of the property. *Id.* Third, plaintiff's property interest is a countable resource because she has the right, authority, or power to liquidate her share of the property. Tr. 12. The ALJ therefore concluded that plaintiff's interest in property renders her ineligible for SSI benefits as of October 1, 2008. Tr. 10, 13. Plaintiff's subsequent request for review was denied by the Appeals Council on July 18, 2013, making the ALJ's decision the final Agency decision. Tr. 1-4; 20 C.F.R. §§ 416.1481, 422.210 (2014). Tr. 2-5. This appeal followed.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment

Page 3 – FINDINGS AND RECOMMENDATION

for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff argues that the ALJ erred by finding that her interest in real property is available to her as a "resource" under 20 C.F.R. § 416.1201(a), and by improperly determining the amount of cash that would result from a sale of the real property. Under the Regulations, a person is eligible for SSI if her monthly income or overall available resources do not exceed certain maximum amounts set forth in the statute and regulations. *See* 42 U.S.C. § 1382 and 20 C.F.R. § 416 Subpts. D and K (criteria for income benefits), and 20 C.F.R. § 416.1205 (resource limit). In 2010, the year of the ALJ's eligibility determination, the maximum amount of resources for an eligible disabled person not residing with a spouse was $2,000. Tr. 29; *see* 20 C.F.R. § 416.1205.

Subpart L of the Commissioner's Regulations defines "resources" as "cash or other liquid assets or any real or personal property than an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). The Regulations provide,

> [i]f the individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

*Id.* at (a)(1).[1]

Under POMS SI 01120.010.B, property is considered a resource if it meets three criteria: (1) ownership interest; (2) legal right to access; and (3) legal ability to use for personal support and maintenance. POMS SI 01120.010.B. Under POMS SI 01120.010.C, "[w]hen there is a legal bar to sale of property (e.g., if a co-owner legally blocks sale of jointly-owned property), we do not require an individual to undertake litigation in order to accomplish sale or access. The property is not a resource under such circumstances in a month if a legal bar exists as of the first moment of that month." POMS SI 01120.010.C.2. The Ninth Circuit has held that POMS may be "entitled to respect ... to the extent it provides a persuasive interpretation of an ambiguous regulation" but "does not impose judicially enforceable duties on either this court or the ALJ." *Kennedy v. Colvin*, 738 F.3d 1172, 1177 (9th Cir. 2013), citing *Skidmore v. Swift & Co.*, 323 U.S. 134 (1994), *Carillo-Years v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (internal quotation marks omitted).

The ALJ determined that plaintiff's one-half interest in real property was a resource for the purposes of the Regulations. As an initial matter, it is undisputed that plaintiff has a one-half interest in real property owned as a tenancy in common with her former husband. The record shows that a warranty deed conveyed real property to plaintiff and her former husband on June 3, 1994. Tr. 11, 104-05. When her marriage was dissolved, plaintiff became a tenant in common of the property, and therefore owns an undivided one-half interest in the property. Tr. 91.

Plaintiff does not contest the fact that she is a tenant in common of the property and therefore "has the legal right to sue for partition." She did, however, testify that her husband is

---

[1] The purpose of the statutory scheme is to ensure that any assets and other readily available funds should be applied to support and maintain a disabled applicant before the state must intervene to provide financial support. *See Whaley v. Schweiker*, 663 F.2d 871 (9th Cir. 1981) (benefits are awarded to assure the recipient's income is maintained at the minimum level necessary to subsist).

Page 5 – FINDINGS AND RECOMMENDATION

bipolar, angry, and unstable, and has refused to sell the property. Tr. 173-75, 177. Plaintiff realistically would not likely find a third party buyer for her 50 percent interest in the property. The evidence establishes that litigation is required to attempt to force a sale of the real property in order to make it available as a resource. It is unclear from the record the likely end result of litigation, which would involve an equitable action for partition. Although the ALJ noted that plaintiff's former husband "apparently has *no authority to limit* [her] *actions,* [and] he has no authority to [plaintiff's] exclusive title which conveys a tenancy in common granting a severable 50% interest," he did not make a negative credibility finding. Tr. 12 (emphasis in original). Plaintiff's testimony is therefore the only credible evidence in the record regarding plaintiff's ability to sell her interest in property.

These facts are distinguished from the Third Circuit case of *Chalmers v. Shalala*, 23 F.3d 752, 755-65 (3rd Cir. 1994). In *Chalmers*, the plaintiff appealed a district court's order finding that her interest in a partnership for real property was a resource under the regulations because she had the legal right to liquidate it. *Id.* at 754. Chalmers had a one-quarter interest in real property that she held in co-tenancy with her siblings. The *Chalmers* court found that the claimant "could have legally sold or otherwise conveyed her ... interest in the real estate, subject to the rights of her siblings, as cotenants. She even had the legal right to bring an action to partition the property." *Id.* at 755. The Court found that the claimant had the "power" to liquidate her interest in property because she had the legal right to do so, despite suffering from a mental illness and lacking actual power to make necessary decisions regarding the property. *Id.* at 755. Unlike the claimant in *Chalmers*, plaintiff's cotenant is mentally unstable and will not consent to a sale. Further, plaintiff is unable to afford litigation required to force a sale. On

Page 6 – FINDINGS AND RECOMMENDATION

these facts, it was error for the ALJ to conclude that plaintiff's property is available to her as a resource under 20 C.F.R. § 416.1201(a).

Even if plaintiff could afford an attorney to force a sale and independently support herself during the litigation, the record does not support a finding that plaintiff would realize an amount over the resource limit. In *Kubetin v. Astrue*, a case from the district of Massachusetts, the court found that the plaintiff's real property was not a "resource" because she lacked the financial ability to force a sale by litigation. *Kubetin,* 637 F.Supp.2d 59, 64 (D. Mass., 2009). In *Kubetin*, the District Court of Massachusetts found that the plaintiff's one-sixth interest in real property could not be considered a resource because, after subtracting litigation-related fees and costs, plaintiff would not realize the statutory resource limit from a forced sale. *Kubetin*, 637 F.Supp. 2d at 63-64.

Following the reasoning in *Kubetin*, plaintiff's interest in property is not an available resource. As an initial matter, the sole evidence in the record of the value of plaintiff's property was offered by plaintiff. Plaintiff's application for SSI reported that her real property was worth $85,000. Plaintiff also presented evidence of an outstanding mortgage in the amount of $59,604. Tr. 100. She testified that, prior to the administrative hearing, a real estate agent estimated that plaintiff's property required costly repairs before it could be sold. There is no evidence in the record that Plaintiff could afford these repairs, particularly with the lack of cooperation from her former spouse. The real estate agent indicated that plaintiff and her cotenant would "end up with less than $10,000 a piece" after the necessary repairs were made. Tr. 178.

The ALJ conjectured that, absent the costs associated with pursing a partition and sale in state court, plaintiff's share of the real property would still exceed the $2,000 resource limit under Title XVI. Tr. 12. This finding was not based on substantial evidence. The total costs of

preparing the property to be sold, retaining counsel, and filing an action to force a sale are unknown. On this record, it was not reasonable for the ALJ to conclude that plaintiff's undivided one-half interest in real estate was a countable resource that resulted in her exceeding the resource limit for SSI eligibility. As the court noted in *Kubetin*, "[w]here a plaintiff *actually* will realize cash over the cut-off from a sale, she is properly deemed to have "resources" she must use before receiving government benefits." *see Kubetin*, 637 F.Supp.2d at 65. Here, the record does not support a finding that plaintiff could realize an amount greater than the resource limit, after legal fees and costs associated with selling the property are deducted.

In sum, plaintiff has presented sufficient evidence to establish a legal bar to the sale of her undivided one-half interest in real property, and there is no countervailing evidence in the record. Plaintiff's former spouse will not cooperate, the property needs substantial repairs before sale that Plaintiff alone cannot afford, and Plaintiff cannot afford a lawyer to pursue litigation that would have uncertain results. The Court thus finds that plaintiff does not have the power to dispose of or liquidate her interest in real property, and the ALJ erred in considering it as a resource. Further, even if plaintiff could sell the property, it is not clear that after deducting all the costs set forth above that she would realize an amount greater than the resource limit. For these reasons, the ALJ's determination that plaintiff is ineligible for benefits was not supported by substantial evidence. The Court understands and respects the policy behind 20 C.F.R. 416.1205 as set forth in FN 1 on page 5 but the analysis of what constitutes a resource cannot be evaluated detached from reality. The Court does limit its holding to the particular facts of this case.

**Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). Here, the Court finds that no useful purpose would be served by further proceedings and therefore recommends that this case be remanded for immediate payment of benefits.

## RECOMMENDATION

The ALJ's conclusion that plaintiff is not eligible for SSI should be REVERSED and REMANDED for payment of benefits.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 13 day of January, 2015.

_____
MARK D. CLARKE
United States Magistrate Judge