# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

CHRISTY LYN WINSTON, )
)
      Plaintiff, )   Case No. 6:13-CV-01662-CL
)
    v. )   **FINDINGS AND RECOMMENDATION**
)
CAROLYN L. COLVIN, )
Commissioner of Social Security, )
)
      Defendant. )
_____ )

**MARK D. CLARKE, Magistrate Judge**.

In this proceeding, Plaintiff Christy Winston ("plaintiff") seeks an award of attorney's

fees in the amount of $4,418 under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

2412(d)(1)(A). Because the position of the Commissioner was not substantially justified, and the

fees are reasonable, Plaintiff's application for fees (#35) should be GRANTED.

## BACKGROUND

Plaintiff filed an application for SSI on December 30, 2005. Tr. 27. Following an

administrative hearing, the Commissioner issued a decision finding plaintiff not disabled on

April 18, 2008. The Appeals Council denied plaintiff's subsequent request for review on

October 7, 2008, and the ALJ's decision became the final decision of the Commissioner. 20

C.F.R. §§ 416.1481, 422.210 (2014). Plaintiff timely sought judicial review, and on April 28,

2010, the District Court issued an order reversing the Agency's decision and remanding the case

for payment of benefits. *Winston v. Comm'r*, Case No. 3:08-cv-06395 (D. Or. April 28, 2010).

On May 27, 2010, the Commissioner issued a Notice of Award. Tr. 27. The Notice stated that

plaintiff owns real estate valued at $85,000 and is therefore ineligible to receive benefits because

her resources exceed the Agency's resource limit of $2,000. Tr. 29, 37; *see* 20 C.F.R. §

416.1205.

Plaintiff requested a hearing, after which the ALJ issued a written decision on September

23, 2011. The ALJ found that plaintiff had a real property interest the property located at 111

Silverado Court in Roseburg, Oregon and that plaintiff had the right, authority, or power to

liquidate her share of the property. For that reason, the ALJ found that plaintiff's property

interest was a countable resource. The ALJ therefore concluded that plaintiff's interest in

property renders her ineligible for SSI benefits as of October 1, 2008. Plaintiff's subsequent

request for review was denied by the Appeals Council on July 18, 2013, making the ALJ's

decision the final Agency decision. Tr. 1-4; 20 C.F.R. §§ 416.1481, 422.210 (2014). Tr. 2-5.

This appeal followed.

On appeal, the Court determined that the ALJ erred in determining that the plaintiff's

property interest was a countable resource, and it reversed and remanded for payment of benefits.

Plaintiff, as the prevailing party, subsequently filed the present application (#28) for attorney's

fees under the EAJA. The Commissioner opposes the award of fees, arguing that her position

was substantially justified, and therefore, Plaintiff is not entitled to fees under the EAJA.

## DISCUSSION

### I.    The position of the Commissioner was not substantially justified.

Under the EAJA, a prevailing party is entitled to recover attorney fees, costs and

expenses in civil actions against the government, unless the government shows its position in the

litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a

presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting

to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir.1995). The decision to deny

EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081,

1083 (9th Cir.2002). A social security claimant is the "prevailing party" following a sentence-

four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for

the payment of benefits. *Flores*, 49 F.3d at 567–68 (citing *Shalala v. Schaefer*, 509 U.S. 292,

300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney,

unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v.*

*Ratliff*, 560 U.S. 586, 596–98 (2010).

A court applies a reasonableness standard in determining whether the government's

position was substantially justified. *Flores*, 49 F.3d at 569; *see also Al–Harbi v. INS*, 284 F.3d

1080, 1084 (9th Cir.2002) ("'Substantial justification' in this context means 'justification to a

degree that could satisfy a reasonable person.'") (quoting *Pierce v. Underwood*, 487 U.S. 552,

565 (1988)). "The government has the burden of proving its positions were substantially

justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir.2010). It must demonstrate that

its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569–70; *see also*

*Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir.2005) (noting that "'substantial justification

is equated with reasonableness.... The government's position is substantially justified if it has a

reasonable basis in law and fact.'" (quoting *Ramon-Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir.1988) (alteration in original))). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See*, *e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's finding that an agency decision was unsupported by substantial evidence is, however, "a strong indication" that the position of the United States in the litigation was not substantially justified. *Thangaraja*, 428 F.3d at 874. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.* (quoting *Al–Harbi*, 284 F.3d at 1085).

In this case, the government's position was not substantially justified. The District Court determined that the ALJ erred by finding that the property was available to Plaintiff as a "resource" based on the facts in the record. Additionally, the Court found that the agency did not properly apply its own regulations concerning what is considered a "resource" under 20 C.F.R. § 416.1201(a)(1). Therefore, the decision did not have a reasonable basis in either fact or law.

**II.    The requested fees are reasonable.**


Page 4 – FINDINGS AND RECOMMENDATION

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v.. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir.1998). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433–34. However, the Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir.2012).

The Commissioner does not dispute plaintiff's counsel's hours worked and hourly rate, and I find them reasonable.

## RECOMMENDATION

Accordingly, Plaintiff should be awarded $4,418.

Payment of this award should be paid via check made payable to Plaintiff and mailed to Plaintiff's attorneys at Harder, Wells, Baron & Manning, P.C., 474 Willamette Street, Eugene, Oregon 97401. The award should be made payable to Plaintiff's attorney if the Commissioner confirms that Plaintiff owes no debt to the government through the Federal Treasury Offset program. There are no costs or expenses to be paid herein.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections

are filed, any response is due within fourteen (14) days after the date the objections are filed. FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of August, 2015.

_____
MARK D. CLARKE
United States Magistrate Judge